■ In the Matter of the Claim of FARECILPA LUGO, Appellant, v HOBART CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [610 NYS2d 887] —Appeal from a decision of the Workers' Compensation Board, filed January 17, 1992, which, *inter alia,* ruled that the employer was not required to pay a penalty.

The employer initially filed a timely application to the Workers' Compensation Board for review of a decision of a Workers' Compensation Law Judge which ruled, *inter alia,* that claimant had sustained a compensable injury that resulted in death and awarded death benefits. The application was denied by a Board panel based upon a perceived procedural error by the employer. Upon full Board review, the denial of the application was rescinded and the case referred for further consideration. Given these circumstances, we find no error in the Board's decision that a penalty should not be imposed in this case for the failure to pay the award within 10 days of the Board panel decision denying the application for review.

Cardona, P. J., Mercure, White, Weiss and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of TIMOTHY J. LIPPA, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [610 NYS2d 887] — Appeal from a judgment of the Supreme Court (Keegan, J.), entered June 2, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Respondent's decision to deny petitioner parole based upon the seriousness of his crime and his poor institutional record is supported by the record and satisfied the requirements of Executive Law § 259-i and Correction Law § 805. Supreme Court was therefore correct in dismissing the petition.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.